[No. 22406. Department One. September 30, 1930.]

N. P. PETERSON et al., Respondents, v. GEORGE T. CROCKETT, Appellant.[1]

[1]Reported in 291 Pac. 721.

632

*Wright & Catlett,* for appellant.
*Ray R. Greenwood,* for respondent.

BEALS, J.—N. P. and Doris P. Peterson, husband and wife, plaintiffs in this action, during the month of October, 1928, leased to defendant, George T. Crockett, a building in the city of Bremerton which had for some time been occupied as a hotel, which use was continued by defendant. The lease called for monthly rental of $150, a deposit in that amount having been made by defendant with plaintiffs to apply as the last month's rental in case the lease was continued in good standing during the term thereof, the deposit otherwise to be forfeited to plaintiffs "as a penalty and not as liquidated damages."

The lease contained the following provision:

"The lessee is to keep said building in a clean and sanitary condition during the term of this lease, and is to comply with all the city ordinances of the city of Bremerton, state laws of the state of Washington, and Federal statutes of the United States, and if the lessee fails to comply with said laws, the lessors shall have a right to terminate this lease forthwith."

During the month of August, 1929, plaintiffs, being of the opinion that defendant had violated the foregoing provision of the lease, served upon him a notice terminating the tenancy and demanding possession of the premises, and shortly thereafter instituted this action to recover possession thereof, such possession being delivered to plaintiffs by the sheriff under a writ of restitution. Thereafter defendant demurred to plaintiffs' complaint, and, upon his demurrer being overruled, filed an answer in which he denied all the material allegations therein contained, and interposed several affirmative defenses. An amended answer was later filed containing denials and affirmative defenses, and the cause was set for trial, defendant having demanded a trial before a jury, for November 18, 1929.

On the morning of the day set for the trial, defendant was present in court and informed the judge that his attorney had just withdrawn from the case, and that defendant had retained the services of other counsel to represent him only for the purpose of requesting a continuance to enable defendant to procure other counsel to represent him at the trial of the action. It appears that three jury cases were set for trial for the 18th of November, defendant's case being the last of the three. Some informal conversation was had between the judge and defendant and his counsel, in the course of which the matter of the probability of defendant's case being called for trial that day was discussed.

It clearly appears that the judge positively stated that no continuance of the action would be granted, and that defendant must be ready to go to trial when his case was called. Defendant, being of the opinion that the two cases which would be called ahead of his would consume the entire day, went to Bremerton, where he called on plaintiffs' counsel and informed him that he (defendant) was without counsel and was going to Tacoma to retain an attorney to represent him at the trial, which he anticipated would take place the next day. Defendant then proceeded to Tacoma, and, in the meantime, due to unexpected events, the two cases which were on the docket ahead of this action were quickly disposed of and this case in its turn was regularly called for trial. Plaintiffs' counsel was summoned and, with his witnesses, presented himself before the court. At that time, defendant's counsel, whom he had retained for the sole purpose of seeking a postponement of the trial, moved for a continuance, which motion was denied and an exception allowed.

The attorney who had been retained by defendant to ask for a continuance declined to represent defendant on the trial, and, defendant being absent in Tacoma, a jury was regularly impaneled and testimony on behalf of plaintiffs introduced, there being no appearance by or on behalf of defendant. The court, being of the opinion that the evidence introduced by plaintiffs warranted a verdict in their favor, and the testimony being uncontradicted, instructed the jury to bring in a verdict in favor of plaintiffs, which the jury accordingly did. Defendant, having retained counsel, moved for a new trial based upon all of the statutory grounds, and upon denial of his motion and the entry of judgment on the verdict against him, appealed to this court.

Appellant assigns error upon the denial of his mo-

tion for a continuance; upon the action of the court in calling the case for trial in his absence; upon the admission of certain evidence; and upon the peremptory instruction under which the jury returned a verdict for respondents. Appellant also contends that the trial court erred in denying his motion to set aside the verdict; in denying his motion for a new trial; and in entering judgment against him.

No question is raised as to the right of appellant's former counsel to withdraw from the case just prior to the time the action was to be called for trial. Appellant apparently had no objection to such action on the part of his attorney and was evidently willing to retain other counsel to represent him on the trial. Appellant did, in fact, employ an attorney to go with him to the courthouse and present, on his behalf, a motion for a continuance of the action. A jury having been demanded, we cannot say that there was any abuse of discretion on the part of the trial court in denying appellant's motion for a continuance. It appears that jury terms in the superior court before which the action was pending are of infrequent occurrence, and the trial court was perfectly justified in ruling that the case at bar should proceed to trial as soon as its turn should be reached in the orderly course of the call of the calendar. We do not find in the record anything which justified appellant in believing that his case would be continued or that he had any right to leave Port Orchard, save at his own risk, and with the understanding that, if the case was called during his absence, it would proceed to trial notwithstanding that fact. Appellant may have had good reason for supposing that his case would not be reached before the next day, but it must be held that, when he left Port Orchard, he assumed the risk that the case might, in its regular turn, be called during his absence.

It is clear that the unexplained withdrawal, on the eve of trial, of the attorney for one of the parties to an action, as was the case here, affords no compelling ground for an application for a continuance, as, if the contrary rule should prevail, all a party desiring a continuance under such circumstances would have to do would be to discharge his counsel or induce him to file a notice of withdrawal. This is not a situation such as would be presented in the event of the sudden illness of counsel, or where an attorney would apply to the court for leave to withdraw and for good cause shown be, by the court, granted such permission. We have here nothing but the mere fact of the withdrawal on the part of counsel, and it cannot be held that such a situation entitled appellant to a continuance of the action. We conclude that no error was committed by the trial court in denying appellant's motion for a continuance and in proceeding with the trial of the action when the same was reached in due course.

Appellant, not having been represented on the trial and consequently having made no objections to the admission of evidence offered by respondents, or preserved any exceptions to rulings of the court, is not now in a position to complain of the admission of any of the evidence which was actually received. Granting that certain evidence offered by respondents would have been rejected upon proper objection having been seasonably urged thereto, we do not find that, considering the evidence offered and received and the state of the record before us, appellant can now predicate error upon the admission of any of such evidence.

Appellant argues that, even had he remained in attendance on the court, he would have been unable to urge objections to testimony which was in law inadmissible, as he was without counsel. The answer to this contention is that, upon the record before us ap-

pellant must bear the responsibility for the fact that he was unrepresented. If he was unwilling that his prior counsel should withdraw from the case, upon his objection to such withdrawal, the court would undoubtedly have inquired into the matter and made such an order as would have protected appellant's rights, either by refusing to allow appellant's counsel to withdraw, or by making some other appropriate ruling.

In the absence of any objection by appellant, it must be assumed that the withdrawal of appellant's counsel was with appellant's consent. Again, if in such a case, it should appear by a proper showing that other counsel was not available, a different situation would be presented, but it affirmatively appears that appellant did retain the services of counsel to represent him in his application for a continuance, so it is evident that other counsel could have been retained, the record not disclosing any unsuccessful attempt on the part of appellant to retain such counsel.

To hold that, under these circumstances, appellant is entitled to relief from this court upon the matters heretofore considered would be to place a premium upon the confusion of a record by a party litigant, and would allow the wrongful conduct of such party to seriously impede and interrupt the orderly course of the administration of justice. We are not unmindful of the fact that, after the trial, appellant filed, in support of his motion for a new trial, an affidavit in which he stated that he had expressed his willingness to waive a jury in case his application for a continuance was granted. This affidavit was considered by the trial court in ruling upon appellant's motion for a new trial, and, in reviewing this ruling, we have considered the statements made in the affidavit.

Appellant next assigns error upon the peremptory instruction by the court to the jury to the

effect that they should bring in a verdict for respondents. In support of this assignment of error, appellant cites Rem. Comp. Stat., § 824, which reads as follows:

"Whenever an issue of fact is presented by the pleadings it must be tried by a jury, unless such a jury be waived as in other cases. The jury shall be formed in the same manner as other trial juries in the court in which the action is pending, and in all cases actions under this chapter shall take precedence of all other civil actions;"

and contends that, under this section, the court had no authority to instruct a verdict. In support of this contention, appellant cites two decisions of this court, *State v. Holmes*, 68 Wash. 7, 122 Pac. 345, and *State v. McCullum*, 18 Wash. 394, 51 Pac. 1044, in which it was held that a verdict of guilty could not be, by the court, directed in a criminal prosecution. These cases are not in point upon the question here presented, as the statutes governing unlawful detainer, while differing in some respects from the laws governing ordinary civil procedure, are not criminal in their nature. Section 827, referring to the trial of such an action as is here presented, twice refers to the verdict of the jury, or the finding of the court if the trial be had without a jury, and this section must be considered in connection with section 824, *supra*, in construing the latter section. The two sections were parts of the same act (chap. 96, Session Laws of 1891, p. 179), and consequently must be construed together. We conclude that § 824, *supra*, construed in the light of existing laws providing for jury trials of civil actions, does not result in placing actions in unlawful detainer in any classification different from that within which fall other civil actions.

Appellant also cites the opinion of the supreme

court of Iowa in the case of *Oleson v. Hendrickson,* 12 Iowa 222, in which it was held that the trial court had erred in taking the matter out of the hands of the jury and, as it is stated, ordering them "to find the defendant guilty." In the case cited, the supreme court was of the opinion that the trial court had committed three reversible errors, including that above referred to. The case was one in unlawful detainer, the plaintiff having alleged that the defendant "by fraud and stealth entered upon the premises of the plaintiff and detained the same from him." Under the state of facts now before us, and in view of the statutes of this state, we do not find that the case cited is a direct authority in support of appellant's contention. Basing our ruling strictly upon the record in this case, we hold that the trial court did not commit reversible error in peremptorily instructing the jury to find for respondents.

Appellant next contends that the trial court erred in denying appellant's motion to vacate the verdict, and in overruling his motion for a new trial. It seems that a criminal prosecution had been instituted before the superior court for Kitsap county against appellant, which action had been tried before the same judge who presided over the trial of this action, the trial having resulted in a verdict of guilty. Appellant contends that, in passing upon his motion for a new trial, the trial court considered evidence which had been introduced in the criminal prosecution and did not, therefore, in ruling upon appellant's motion for new trial, bring to bear that judicial discretion which a trial court should exercise in ruling upon such a matter. In support of this contention, appellant cites many authorities, including several decisions of this court. We are disposed to agree with appellant that these authorities correctly state the law, but we are

unable to agree with his contention that the rule of law laid down in these decisions requires a reversal of the order of the trial court of which appellant complains.

From the record before us, we are satisfied that it cannot be held that, in the case at bar, the trial court failed to exercise a proper judicial discretion in ruling upon the motions presented by appellant, or that it appears from this record that the trial court was influenced to appellant's prejudice by matters dehors the record. We conclude that the foregoing assignments of error urged by appellant are not well taken.

Appellant, in his reply brief, in a portion thereof entitled, ''Supplemental Brief of Appellant,'' urges another ground for reversal or modification of the judgment appealed from, which was not mentioned in his opening brief. Respondent has moved to strike this portion of appellant's reply brief, which motion was argued before this court and submitted at the time of the argument of the case. While it is true that, on an appeal to this court, a reply brief filed on behalf of an appellant should contain nothing more than a reply to the arguments urged by respondent in his answering brief, we feel that, in the interests of justice, and having due regard to the rights of the respondent, an appellant may, in a proper instance, be properly granted leave to present in his reply brief new arguments in support of his contentions on appeal, notwithstanding the fact that such arguments were not urged in his opening brief. In such a case, of course, terms might be imposed or an order entered concerning costs, and the respondent must be allowed full opportunity to answer such new arguments. In the case at bar, respondents had such opportunity and have filed memoranda in answer to the arguments of appellant advanced by him for the first time in his

reply brief. Under the circumstances disclosed by this record, respondents' motion against appellant's reply brief is denied.

■ Respondents, in their complaint, asked, first, for restitution of the premises; second, that their lease to appellant be terminated; and third, "for such amount of rent that shall be due up to the date of judgment herein under the terms of said lease, and as provided by law." They nowhere in their complaint asked that any rent which might be found to be due them from appellant should be doubled and judgment in their favor granted for the increased amount, as provided by Rem. Comp. Stat., § 827. By its verdict, the jury found in favor of respondents in the sum of $95. The judgment as entered is in favor of respondents in the sum of $190, the judgment reciting that this amount is double the amount of the award.

In the case of *Gaffney v. Megrath,* 11 Wash. 456, 39 Pac. 973, this court, citing its prior decision in the case of *Hall & Paulson Furniture Co. v. Wilbur,* 4 Wash. 644, 30 Pac. 665, held that a plaintiff was not entitled to the double damages provided for by law unless he specially claimed the same in his complaint, and that, in such cases, the prayer of the complaint should govern the recovery. We are of the opinion that the prayer of respondents' complaint does not specifically claim the double damages or bring respondents within the rule laid down by this court in the two cases last cited. We accordingly hold that the judgment appealed from should be reduced to the sum of $95.

■ In the case of *Gaffney v. Megrath, supra,* the respondent, whose position corresponded to that of respondents in this action, was held entitled to its costs in this court, as it did not appear that any application had been made to the lower court to reduce the judg-

ment. This rule should also be followed in the case at bar, and respondents will accordingly recover their costs in this court.

The judgment will be modified as hereinabove provided, and as modified will stand affirmed.

MITCHELL, C. J., MILLARD, and TOLMAN, JJ. concur.

PARKER, J. (concurring)—I concur in the foregoing opinion except as to what is said therein touching the claim of error in the court's peremptorily instructing the jury to find for the plaintiff. I am of the opinion that this was clearly erroneous. The jury were the judges of the credibility of the witnesses, though their testimony was all one way. The peremptory instruction, however, was but a trial error, and because it was not excepted to and because of that reason alone, its commission does not call for reversal of the judgment.