[No. 36570.   Department Two.   May 29, 1963.]

H. N. Sundholm, Appellant, v. Alvin W. Patch et al.,
*Respondents.** 

*Stuart K. Nielsen*, for appellant.

*Warren Hardy*, for respondents.

Finley, J. — Mr. Sundholm, plaintiff-appellant, commenced this lawsuit as an unlawful detainer action. The summons and complaint complied with RCW 59.12.070 and RCW 59.12.080. Mr. and Mrs. Patch, defendants-respondents, were served with the required 3-day notice, which is a condition precedent to the effectuation of an unlawful detainer action. Thus, there is no question that this action was initiated as, and was in fact and law an unlawful detainer action.

The complaint of plaintiff Sundholm alleged the existence of a landlord-tenant relationship and requested (a) restitution as to possession of the real estate, (b) the statutory doubling of arrearages in rent, and (c) costs. In their answer the defendants denied the existence of a landlord-tenant relationship and, by cross complaint, alleged that they were the vendees, by virtue of an oral contract of the real property described in the plaintiff's complaint, and the plaintiff was the vendor. In their cross complaint de-

* Reported in 382 P. (2d) 262.

fendants requested the trial court to grant such equitable relief as would be necessary to enforce an alleged contract for the sale of the real property.

The plaintiff objected to the trial court's acting upon the request for affirmative relief in defendants' cross complaint. These objections were made both prior to the introduction of evidence and again after the trial court rendered its oral opinion. In connection with the second objection, the following colloquy took place:

"Mr. Nielsen: We have not submitted it as a case of equity.

"The Court: There is only one form of action in the State of Washington.

"Mr. Nielsen: The Supreme Court has said differently.

"The Court: It may have another chance to say so then. I am satisfied this is an equity case. It is an equity case made so by the cross complaint.

"Mr. Nielsen: There is a case that specifically does not make it so unless the plaintiff joins."

The trial court thereafter entered judgment (1) dismissing plaintiff's complaint with prejudice and awarding costs to the defendants, and (2) granting defendants' request for specific performance of an oral contract which the trial court regarded as having been substantially performed and, consequently, not subject to the purview of the statute of frauds. The trial judge, in ordering the latter mentioned relief for the defendants, either was unaware of the very limited scope of his jurisdiction in special statutory unlawful detainer actions or was hoping to do some fireside equity, settling all the rights, and terminating the entire dispute between the parties. Admirable as the latter may be in terms of avoiding technicalities, unnecessary costs and delay, and multiplicity of lawsuits, this is simply not possible under the existing state statutes and the decisions of this court relative to actions for unlawful detainer.

■ In *Little v. Catania* (1956), 48 Wn. (2d) 890, 893, 297 P. (2d) 255, the court stated:

"The special summons employed was wholly insufficient to give the court jurisdiction of the parties in a general proceeding. *Jeffries v. Spencer*, 86 Wash. 133, 149 Pac. 651;

*State ex rel. Seaborn Shipyards Co. v. Superior Court,* *supra.* [102 Wash. 215, 172 Pac. 826.] The court obtained jurisdiction of the parties for a limited statutory purpose only—namely, to determine the issue of possession in an unlawful detainer action. Having obtained that limited jurisdiction, *the court could not transform the special statutory proceedings into an ordinary lawsuit,* and determine the issues and grant relief therein as though the action was a general proceeding." (Italics ours.)

The restrictive nature of unlawful detainer actions is also indicated by the following quotation from *Young v. Riley* (1961), 59 Wn. (2d) 50, 52, 365 P. (2d) 769:

" . . . In an unlawful detainer action, the court sits as a special statutory tribunal to summarily decide the issues authorized by statute and not as a court of general jurisdiction with the power to hear and determine other issues. . . ."

Thus, in an unlawful detainer action the trial court can either (1) enter a judgment in favor of the defendant by dismissing the action with prejudice, or (2) render a judgment in favor of the plaintiff pursuant to RCW 59.12.120 or RCW 59.12.170.

In the instant case the evidence was strongly conflicting as to whether the relationship of the parties was that of landlord-tenant or vendee-vendor with respect to the real estate. Perhaps it is significant that the trial judge in his oral opinion, among other things, stated:

"If I have to choose between which one is telling the truth and which one is a perjurer, then Mr. Sundholm is the perjurer . . ."

In any event, under the substantial evidence test or rule applicable to such situations, it can be said that the evidence in the record is sufficient to support the determination by the trial judge that the plaintiff is not entitled to the relief sought in this unlawful detainer action. Such a determination having been reached by the trial judge, the only alternative available to him was to enter judgment in favor of the defendant, dismissing the complaint with prejudice. Consequently, the portion of the trial court's judgment which dismissed the plaintiff's complaint with prejudice

and awarded costs to the defendant is affirmed. In all other respects the judgment of the trial court is reversed. The parties each having prevailed in part shall assume their own costs on appeal.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.