[No. 369-41325-1. Division One—Panel 2. November 9, 1970.]

JIM GATTAVARA et al., Respondents, v. BERNICE HENRIKSON, Appellant.

*Jack Steinberg*, for appellant.

*Duane S. Radliff*, for respondents.

WILLIAMS, J.—This is an appeal from an order denying appellant Bernice Henrikson's motion to vacate a judgment taken against her by default.

The undisputed facts are these: The parties entered into a written lease on August 1, 1966, by the terms of which appellant leased certain premises to be used as a restaurant for a period of 3 years. The rental called for in the lease was $75 per month, payable on the first day of each month. Appellant did not pay rent for November and December, 1968, or for January, 1969. On January 9, 1969, respondents delivered to appellant a statutory 3-day notice to pay rent or quit (RCW 59.12.030). When no payment was received as required by the notice, respondents commenced an unlawful detainer action against appellant, alleging in their complaint the execution of the lease, the default in payment, the delivery of the notice, and asserting a claim for 2 months' lien against certain restaurant equipment found on the premises. The prayer of the complaint asked for such damages as the court might determine, a restoration of the premises, a lien foreclosure for 2 months' rental, and costs.

Upon receipt of the summons and complaint, appellant consulted an attorney, but through some misunderstanding, her appearance was not entered. On February 13, 1969, an order of default and findings of fact, conclusions of law, and judgment were entered against her. The findings of fact substantially followed the allegations in the complaint. The conclusions of law recited that respondents were entitled to the possession of the property, to a lien against the restaurant equipment for 2 months' rent, damages of $670.35, and their costs. Judgment was entered accordingly.

On February 18, 1969, appellant sent respondents a cashier's check in the amount of $300, which they accepted.

March 17, 1969, the sheriff sold the equipment under a writ of execution to satisfy the judgment. Respondents were the successful bidders at $442.35.

Appellant moved to vacate the judgment on May 12, 1969. Her affidavit in support of the motion stated that when she received the summons and complaint, she deliv-

ered the documents to her attorney in Enumclaw with the request that he take care of them and settle the lawsuit. She subsequently learned that the attorney had not taken care of the complaint, so she sent the cashier's check in the amount of $300 to respondents. She had no knowledge at the time that a judgment had been entered against her. She further stated that she had at all times been ready, willing, and able to operate the restaurant and pay all rent installments; but respondents had barred her entry into the rented premises with a padlock.

Respondents' answering affidavit related the 3-month rental delinquency and the service of the notice to terminate tenancy, and further stated that, prior to the service of the notice, appellant had abandoned the premises and that her tenancy terminated 3 days after the service of the notice upon her on January 9, 1969.

 The relief granted on default is limited by the facts alleged in the complaint. *Sceva Steel Buildings, Inc. v. Weitz,* 66 Wn.2d 260, 401 P.2d 980 (1965); *Wooding v. Sawyer,* 38 Wn.2d 381, 229 P.2d 535 (1951); *Peterson v. Crocket,* 158 Wash. 631, 291 P. 721 (1930). The complaint alleged a total of $225 due at the time of service of the notice on January 9, 1969. By the terms of the notice, no payment having been made, the lease terminated on January 12, 1969. *Heuss v. Olson,* 43 Wn.2d 901, 264 P.2d 875 (1953); *Kelley v. von Herberg,* 184 Wash. 165, 50 P.2d 23 (1935). Therefore, the most that the court could award, on the basis of the allegations of the complaint, was $225 plus costs, which were assessed at $28.50, for a total of $253.50. Nothing could be allowed for unlawful detainer because it was not alleged in the complaint that appellant remained in possession beyond January 12, 1969.

The order of the superior court denying appellant's motion to vacate the judgment is reversed, and the cause remanded for further proceedings according to law.

It is so ordered.

HOROWITZ, A. C. J., and UTTER, J., concur.