COLUMBIA VALLEY CREDIT EXCHANGE, INC., *Appellant,* v.
BYRON LAMPSON *et al., Respondents.*

*George E. Heidlebaugh* (of *Heidlebaugh, Barr & Wolcott*), for appellant.

*Stephen T. Osborne* (of *Loney, Westland, Raekes, Rettig & Sonderman*), for respondents.

GREEN, J.—On October 23, 1970, plaintiff, Columbia Valley Credit Exchange, Inc., obtained a default judgment against the defendant, Byron Lampson. In December 1971, plaintiff obtained a writ of garnishment against funds held in a trust account by defendant's attorneys. On May 4, 1972, the defendant moved to dismiss the writ and declare the default judgment void ab initio. The garnishee defendant answered that it did not hold funds belonging to the defendant, but that it held funds deposited by Lampson Railroad Contractors, Inc. Following a hearing on these matters, the trial court entered an order setting aside the

default judgment on the basis that it was a void judgment.

Plaintiff is in the business of collecting overdue accounts. The complaint against defendant in the original action sought collection of six separate accounts totaling $1,596.25. On the other hand, the prayer of the complaint was for $3,328.20. Service of summons and complaint was made by Warren K. Bowers, a vice-president and minor stockholder of plaintiff-corporation. The affidavit of service states that it was served upon "Byron L. Lampson & wife" on September 1, 1970, by leaving a copy with "Miss Linda Lampson (daughter)." Lampson failed to appear and a default judgment was entered in the amount of the prayer plus costs.

At the hearing upon defendant's motion to vacate, Bowers testified that he was a vice-president of plaintiff-corporation, owned a "few" shares of stock in it, and that "All I do is process and serve papers" for the corporation. He stated that he had been serving papers for 16 years and that his affidavit of service was prepared from a diary. Bowers verified the fact and date of service from his diary the day previous to his testimony. He stated that the caption of the complaint and affidavit are in error insofar as it includes "Jane Doe Lampson" because he knew at the time of service that she was deceased. It was explained that the error occurred through the use of a form. Bowers related that he left one copy of the summons and complaint with defendant's daughter who was "Probably fourteen; maybe fifteen. Anywhere from thirteen to fifteen" years of age. He testified, "I definitely explained it all to her, and to be sure and give them [the papers] to her father" who was living at that address.

Defendant did not testify; however, his affidavit stated that no service of process was made upon him or left at his home. His daughter, Linda Lampson, was not called as a witness.

The evidence reflects that a check dated December 17, 1970, was issued by Lampson Railroad Contractors, Inc., for $3,452.72 in favor of defendant's attorneys, with a typed notation in the lower left corner of the check, "Judgement

[*sic*] #25314," that judgment being the one entered by default on October 23, 1970. Defendant and his deceased wife owned the Lampson Railroad corporation whose bookkeeper testified that she issued the check with the defendant's knowledge.

In setting aside the default judgment, the trial court entered the following conclusion of law:

> That the judgment heretofore entered in the above-entitled cause on the 23rd day of October, 1970, is void by reason of the fact that it exceeds the complaint, and the facts alleged in said complaint do not support the same, and that the attempted service thereof was invalid and void by reason of having been performed by a party having an interest as plaintiff.

Plaintiff's assignments of error raise the following issues: (1) Was the default judgment void ab initio because it exceeded the allegations contained in the complaint? (2) Was the service of process invalid because it was performed by an employee and stockholder of plaintiff? and (3) Was the motion to vacate the default judgment timely made under CR 60(b)?

First, the defendant contends that the default judgment is void ab initio in that it exceeds the allegations of the complaint. On the other hand, plaintiff contends the judgment is not void because the prayer of the complaint supports the amount of the judgment and defendant was on notice that a default judgment in that amount could be taken against him. We do not adopt either position.

■ It is a well-settled rule that "[o]ne has a right to assume that the relief granted on default will not exceed or substantially differ from that described in the complaint and may safely allow a default to be taken in reliance upon this assumption." *Sceva Steel Bldgs., Inc. v. Weitz*, 66 Wn.2d 260, 262, 401 P.2d 980 (1965); *Mueller v. Garske*, 1 Wn. App. 406, 409, 461 P.2d 886 (1969); *Gattavara v. Henrikson*, 3 Wn. App. 585, 476 P.2d 131 (1970); *Davis v. Bafus*, 3 Wn. App. 164, 166, 473 P.2d 192 (1970). The reason underlying this rule was expressed in *State ex rel. Adams v. Superior Court*, 36 Wn.2d 868, 872, 220 P.2d 1081 (1950):

The principle upon which such a rule rests is that the court is without jurisdiction to grant relief beyond that which the allegations *and* prayer of the complaint may seek. . . .

A judgment entered without notice and opportunity to be heard is void.

(Italics ours.) In *Gattavara*, the court observed, "The relief granted on default is limited by the facts alleged in the complaint."

In the instant case the allegations of the complaint total $1,596.25, but the prayer of the complaint was for $3,328.20. We hold that the allegations of the complaint provided defendant with sufficient notice to support a default judgment against him in the amount of these allegations, *i.e.*, $1,596.25; however, to the extent the judgment exceeded that amount it is void.

█  Second, plaintiff assigns error to the court's conclusion that the attempted service of the summons and complaint upon defendant was invalid by reason of having been performed by a party. Our State has long required service of process to be made by a person *other than a plaintiff*. Laws of 1893, ch. 127, § 6, p. 408; RRS § 225; RCW 4.28.070. In *Roth v. Nash*, 19 Wn.2d 731, 144 P.2d 271 (1943), the court strictly interpreted this language in holding that a plaintiff's attorney may lawfully serve a summons and complaint. CR 4(c) supersedes RCW 4.28.070 as follows:

Service of summons and process, except when service is by publication, shall be by the sheriff of the county wherein the service is made, or by his deputy, or by any person over 18 years of age who is competent to be a witness in the action, *other than a party*.

(Italics ours.) In alluding to such language, the court, in *Roth*, prophetically noted at pages 735-36:

Other cases, seemingly the greater in number, hold that a statute which forbids the serving of summons by a party to an action does not inhibit service by an attorney for the plaintiff, *for the reason that the word "party," as used in such statute, is employed in its technical sense,*

*and a person not strictly a party to the record is there-fore competent to serve the summons.*

(Italics ours.) Thus, our court has indicated that language "other than a party" is not subject to interpretation and will be understood to refer to a named party of record. In the present case, plaintiff-corporation is the named party of record. Service by plaintiff's officer or employee should not be construed to mean service by a "party." As this record shows, Mr. Bowers had been serving papers on behalf of plaintiff for some 16 years. Undoubtedly, other collection agencies have followed and are following a similar practice. If the word "party" is intended to include employees of a corporation who are officers, directors, or managing agents, as defendant contends, that intention should be expressed by amendment of the rule rather than by judicial decision so as not to impair outstanding, valid judgments.

██ Finally, plaintiff contends that the defendant may not attack the validity of a default judgment when more than 1 year has elapsed since the entry of that judgment. It relies upon *Corporate Loan & Security Co. v. Peterson,* 64 Wn.2d 241, 391 P.2d 199 (1964). We disagree. That case was decided prior to the adoption of CR 60(b). Under this rule, the vacation of a void judgment is not within the 1-year limitation. In Trautman, *Vacation and Correction of Judgments in Washington,* 35 Wash. L. Rev. 505, 530, the author notes that:

> There is no time limit as a judgment entered without jurisdiction is void. The court has said that this is true without regard to laches. . . . Just as the one year statutory time limit does not apply, so likewise it is not necessary to show a defense upon the merits. The law requires no showing other than that the defendant was, in fact, not served with process or that there was no jurisdiction over the subject matter. This results from the fact that the power to vacate such judgments does not arise from the statutes or rule; it is an inherent power of the court.

(Footnotes omitted.) The defendant's motion to vacate challenges the jurisdiction of the court to enter a judgment

which exceeded the allegations of the complaint. We have held that such judgment is void to the extent that it exceeds the allegations in the complaint. In such a case, the judgment may be attacked within a reasonable time and we cannot say that the court abused its discretion by considering the defendant's motion to vacate. *Roth v. Nash, supra.*

The order vacating the default judgment is affirmed insofar as the award exceeds the sum of the allegations contained in the complaint, *i.e.*, $1,596.25, plus costs, but in all other respects the order is reversed and remanded for entry of an order in accordance with this opinion. Each party shall pay its own costs.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied May 8, 1975.

Review denied by Supreme Court October 7, 1975.