[No. 22441–7–I.   Division One.   August 7, 1989.]

NANCY KELLY, *Respondent,* v. WILLIAM A. POWELL, ET AL, *Appellants.*

---

*Lisa K. Wagner* and *Anderson, Anderson, Hiblar & Wagner,* for appellants.

*Wyman K. Dobson* and *Dobson, Houser & Dobson,* for respondent.

WEBSTER, J.—William A. Powell and Cheryl A. Steele, doing business as C. Steele Construction, appeal a judgment of double damages for unlawful detainer and a dismissal of their counterclaim for specific performance with prejudice. They argue: (1) that doubling of all unpaid rent was not specifically requested in the complaint, and (2) that the court lacked jurisdiction to dismiss their counterclaim with prejudice.

## FACTS

Nancy Kelly filed a complaint alleging unlawful detainer on October 5, 1987. Attached to her complaint was a lease option agreement which the parties executed on April 30, 1986. Under the lease, Powell and Steele were to make 12 monthly payments of $1,000 beginning May 20, 1986. Also attached to Kelly's complaint was a notice of default. The noticed showed a default in the payment of rent on April

20, 1987, and late charges dating back to January 20. The complaint sought judgment

for $1,000.00, representing rent due on April 20, 1987, and damages for unlawful detention of the premises at $1,000.00 per month beginning June 20, 1987 till the premises are vacated.

Kelly later amended her complaint and requested

*double* the amount of normal rent or $1,000.00 per month, for the time Defendants unlawfully detain the premises, to wit:
For the rent due for the months of April, May, June, July, August, and September, 1987 and for a per day rent from October 20, 1987 until they vacate the premises.

(Italics ours.)

Powell and Steele denied they were in default and counterclaimed for specific performance on the theory that they had exercised the option to purchase in December 1986. The trial court rejected this defense, finding that Powell and Steele unlawfully detained the property beginning May 25, 1987, 10 days after they received notice of default. The court also found that Powell and Steele owed $3,800 in rent and late charges as of May 25. The court set reasonable rent after that date at $500 per month.

Judgment was entered in Kelly's favor on May 20, 1988. It granted relief in three respects. First, it terminated the tenancy under the lease and declared the option forfeited. Second, it awarded double accrued rent and late charges ($7,200) and double the reasonable rental value of the premises for 5 months of unlawful detainer ($5,000). Third, it dismissed the counterclaim for specific performance with prejudice.

Two issues are presented: (1) Does the prayer for relief request doubling of all unpaid rent? If not, does CR 54(c) entitle Kelly to doubling despite earlier cases limiting recovery in unlawful detainer actions to the amount requested in the prayer? (2) Does the summary and limited nature of unlawful detainer proceedings, in which the only issue is the right to possession, preclude dismissal with prejudice of a counterclaim for specific performance, the

merits of which were necessarily decided in determining the right to possession?

## DOUBLE DAMAGES

■ Powell and Steele do not assign error to any of the court's findings, nor have they provided a trial transcript for review. Thus, the court's findings are verities. *Morris v. Woodside,* 101 Wn.2d 812, 815, 682 P.2d 905 (1984); *Pannell v. Thompson,* 91 Wn.2d 591, 593, 589 P.2d 1235 (1979).

The unlawful detainer statute provides for entry of judgment as follows:

> [U]pon . . . verdict . . . or . . . finding . . . in favor of the plaintiff . . . judgment shall be entered for . . . restitution of the premises . . . forfeiture of the lease, agreement or tenancy [and] twice the amount of damages [occasioned by the unlawful detainer] and of the rent, if any, found due.

RCW 59.12.170. In 1892, 1 year after the most recent amendment to the quoted section, the state Supreme Court held that double damages could not be recovered in an unlawful detainer action unless they were specifically requested in the plaintiff's complaint:

> The prayer of the complaint was for the stipulated rent for two months, $68. The court, following the statute, rendered judgment for twice that sum. We are of opinion that the statute is directory only, and that the prayer should govern the recovery in such a case.

*Hall & Paulson Furniture Co. v. Wilbur,* 4 Wash. 644, 650, 30 P. 665 (1892). A statute is "directory" if it is "a mere direction or instruction of no obligatory force . . . as opposed to an imperative or mandatory provision, which must be followed." Black's Law Dictionary 414 (5th ed. 1979).[1]

The holding in *Hall*—that a deficient prayer precludes an award of double damages in an unlawful detainer

---

[1] We do not believe the unlawful detainer statute is "directory," as *Hall* suggests. "The statute clearly *requires* the doubling of all unpaid rent, whether it accrues before or during the period the tenant is found to be in unlawful detainer." (Italics ours.) *Queen v. McClung,* 12 Wn. App. 245, 248, 529 P.2d 482 (1974).

action—soon became settled law. *See Gaffney v. Megrath,*
11 Wash. 456, 459, 39 P. 973 (1895):

> This court . . . held in *Hall* . . . that a plaintiff was not enti-
> tled to double damages afforded by [RCW 59.12.170] unless he
> specially claimed the same in his complaint, and that the
> prayer of the complaint should govern the recovery in such
> cases. We are satisfied with the conclusion reached in that case,
> and think it announces the correct rule of practice.

Three later cases reaffirmed this rule without discussion.
*See Peterson v. Crockett,* 158 Wash. 631, 641, 291 P. 721
(1930); *Golden v. Mount,* 32 Wn.2d 653, 673, 203 P.2d 667
(1949); *Wooding v. Sawyer,* 38 Wn.2d 381, 388, 229 P.2d
535 (1951).

The most recent case, *Wooding,* is similar to the case at
hand. *Wooding* held that accrued rent could not be doubled
where the complaint prayed only for doubling of rent dur-
ing the period of unlawful detainer. 38 Wn.2d at 387–88.

Here, the relief requested is ambiguous. On the one hand,
the amended prayer seeks doubling "for the time Defend-
ants unlawfully detain the premises". So construed,
*Wooding* is directly in point, and doubling of accrued rent
would be improper under the holding of that case. On the
other hand, the prayer requests doubling of "rent due"
beginning with the month of April 1987. The original com-
plaint and the notice of default appended to it and to the
amended complaint show April 1987 as the first month of
default; thus, the prayer appears to demand doubling of all
unpaid rent.

The trial court construed the prayer according to the lat-
ter interpretation and considered it amended to conform to
the evidence presented at trial, pursuant to RCW 59.12.160
and CR 15(b). The evidence showed that Powell and Steele
failed to pay $400 rent for the months of January, Febru-
ary, and March 1987, in addition to their failure to pay for
the month of April 1987.

We agree with the trial court's construction of the prayer.
The court properly doubled all unpaid rent because that
relief was specifically requested in the complaint as
amended to conform to the proof. *See* RCW 59.12.160; CR

15(b), (c). *But cf. State v. Pittenger,* 37 Wash. 384, 386–87, 79 P. 942 (1905) (demurrer overruled and defendant stood thereon; thus, prayer not amended to conform to the proof).

■■ Alternatively, even if we construed the complaint to request doubling only for the period of unlawful detainer, beginning May 20, 1987, we would not confine doubling to that period. While *Wooding* held to the contrary, that case and the cases upon which it relies significantly predate CR 54(c):

> Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings.*

(Italics ours.) (Adopted May 5, 1967, effective July 1, 1967.) This rule governs "all suits of a civil nature", CR 1, unless it is "inconsistent with rules or statutes applicable to special proceedings". CR 81(a). Unlawful detainer actions are special proceedings, but nothing in the unlawful detainer chapter is inconsistent with CR 54(c). The unlawful detainer chapter specifically states,

> Except as otherwise provided in this chapter, the provisions of the laws of this state with reference to practice in civil actions are applicable to, and constitute the rules of practice in the proceedings mentioned in this chapter . . .

RCW 59.12.180. Under CR 81(a),

> Where statutes relating to special proceedings provide for procedure under former statutes applicable generally to civil actions, the procedure shall be governed by these rules.

A complaint of unlawful detainer need only "set forth the facts" upon which the plaintiff "seeks to recover". RCW 59.12.070. Also, "in case the unlawful detainer charged be after default in the payment of rent, the complaint must state the amount of such rent." RCW 59.12.070. Kelly's complaint complies with these requirements: it sets forth a default entitling her to possession and identifies the amount of monthly rent as $1,000. As amended to conform

to the evidence presented at trial, the complaint also states the amount of rent in arrears. *See* RCW 59.12.160; CR 15(b), (c).

A respected commentator referring to Federal Rule of Civil Procedure 54(c) *before* Washington adopted it verbatim in 1967 wrote:

> [A] line of Washington cases established the principle that the prayer of the complaint, or amended complaint, establishes the limit of the relief which can be granted in [unlawful detainer] actions. These cases were decided before the adoption of the new rules of pleading, practice and procedure, which became effective on January 1, 1960. While Rule 8(a) of the new rules states that a pleading shall contain a demand for judgment for the relief to which the pleader deems himself entitled, the view of commentators on the new rules is that the section should not have the effect of limiting the damages to those claimed. Instead, they suggest that the courts adopt the liberal practice followed under Rule 54(c) of the Federal Rules of Civil Procedure, under which a judgment grants the relief to which the party in whose favor it is rendered is entitled, even if he has not demanded it in his pleadings. Of course, this would be much clearer if, as is *not* the case, the Washington rules included the equivalent of Federal Rule 54(c).

(Footnotes omitted.) Peck, *A Comment on Damages in Unlawful Detainer Actions in Washington,* 37 Wash. L. Rev. 451, 462 (1962). Now that Washington *has* a verbatim equivalent of Fed. R. Civ. P. 54(c), prior holdings contrary to it are superseded. *See* CR 81(b).

The most recent holding on the effect of a deficient prayer for relief in an unlawful detainer action supports this view. *See Gattavara v. Henrikson,* 3 Wn. App. 585, 476 P.2d 131 (1970). There, the court ruled that any relief granted *by default* in an unlawful detainer action was "limited by the facts alleged in the complaint." 3 Wn. App. at 587. This is consistent with CR 54(c). By negative implication, and by reference to the rule, relief in *litigated* cases *may* exceed the amount requested in the complaint, so long as the plaintiff complies with all applicable provisions of the unlawful detainer statute.

## DISMISSAL OF COUNTERCLAIM WITH PREJUDICE

Powell and Steele contend the trial court erred in dismissing their counterclaim for specific performance with prejudice.

█ In order to ensure the summary nature of unlawful detainer proceedings, other claims, including counterclaims, are generally not allowed. An exception is made for counterclaims involving facts which excuse a tenant's breach. *Munden v. Hazelrigg,* 105 Wn.2d 39, 45, 711 P.2d 295 (1985); *First Union Mgt., Inc. v. Slack,* 36 Wn. App. 849, 854, 679 P.2d 936 (1984). The exception properly applies when resolution of the counterclaim is "necessary to determine the right of possession." *First Union Management,* at 854.

Here, Powell and Steele counterclaimed for specific performance on the theory that they had exercised their option to purchase the premises in December 1986. If they had properly exercised the option, they would have been entitled to continued possession. Thus, the trial court had to reach the merits of the counterclaim to decide the issue of possession.

Still, Powell and Steele argue that the trial court could not dismiss their counterclaim *with prejudice* any more than the court could have granted specific performance if the counterclaim had merit. They cite a case which holds that if a trial court determines a counterclaim for specific performance has merit, the court can only dismiss the unlawful detainer action; it may not grant specific performance. *See Sundholm v. Patch,* 62 Wn.2d 244, 245, 382 P.2d 262 (1963):

> Admirable as the latter may be in terms of avoiding technicalities, unnecessary costs and delay, and multiplicity of lawsuits, this is simply not possible under the existing state statutes and the decisions of this court relative to actions for unlawful detainer.
>
> In *Little v. Catania,* [48 Wn.2d 890, 893, 297 P.2d 255 (1956)], the court stated:
>
> ". . . The [trial] court obtained jurisdiction of the parties for a limited statutory purpose only—namely, to determine the issue of possession in an unlawful detainer action. Having

obtained that limited jurisdiction, *the court could not transform the special statutory proceedings into an ordinary lawsuit,* and determine the issues and grant relief therein as though the action was a general proceeding."

*Sundholm,* 62 Wn.2d at 245–46.

This premise of *Sundholm* is no longer valid. *See Munden v. Hazelrigg,* 105 Wn.2d at 45–47:

Where the right to possession ceases to be at issue at any time between the commencement of an unlawful detainer action and trial of that action, the proceeding may be converted into an ordinary civil suit for damages, and the parties may then properly assert any cross claims, counterclaims, and affirmative defenses.

. . . .

Justification for this [new] rule is readily apparent. Such a policy will promote judicial economy by preventing a multiplicity of lawsuits. Additionally, conversion of an unlawful detainer action to a civil suit spares the expense and inconvenience to all parties of maintaining two suits.

Based on *Munden,* the trial court properly dismissed the counterclaim with prejudice. Any claim for specific performance on the theory that Powell and Steele exercised the option to purchase is now barred by collateral estoppel. Requiring Kelly to assert collateral estoppel as a defense to a future suit for specific performance would run counter to the policy of promoting "judicial economy by preventing a multiplicity of lawsuits." *Munden,* 105 Wn.2d at 46–47. Permitting the trial court to dismiss the counterclaim with prejudice "spares the expense and inconvenience to all parties of maintaining two suits." *Munden,* 105 Wn.2d at 47. More importantly, it protects Kelly from further litigation by Powell and Steele by ensuring the finality of her relief.

CONCLUSION

We conclude that Kelly's complaint requests doubling of all accrued rent because it was amended to conform to the evidence presented at trial. Additionally, CR 54(c) supersedes prior case law limiting relief in unlawful detainer actions to the amount specified in the prayer. The counterclaim for specific performance was essential to determining

who had the right to possession; thus, the court had jurisdiction to hear it, and under *Munden,* to dismiss it with prejudice. The judgment is affirmed.

GROSSE, A.C.J., and WILLIAMS, J. Pro Tem., concur.

Reconsidered by order dated November 30, 1989, to award fees and costs to the respondent.