[No. 25962. Department One. March 9, 1936.]

JOE GABALIS, *Appellant*, v. CHARLIE CAMPBELL *et al.*, *Respondents.*[1]

*Agnes N. Richmond,* for appellant.
*John F. Dore* and *Louis Haven,* for respondents.

TOLMAN, J.—This is an unlawful detainer action tried to the court sitting without a jury. Findings and conclusions favorable to the defendants were made, and a judgment followed dismissing the action. The plaintiff has appealed from that judgment.

The appellant was the owner of the real property involved. His complaint alleges and his proof tended

[1]Reported in 55 P. (2d) 615.

to show an oral agreement by which the respondents became tenants from month to month; that the agreed rental was not paid, and that, after proper notice, a writ of restitution issued, etc.

The respondents by their answer denied the tenancy and affirmatively pleaded a partnership agreement under which the appellant, among other things, agreed to contribute the use of the real property and the respondents were to contribute certain labor, certain furnishings and fixtures, together with their time and experience, in operating a beer parlor upon the premises in question, the profits and losses of the venture to be divided equally between the parties hereto. Respondents offered proof supporting their theory, and the trial court, accepting their testimony, found that the appellant, as plaintiff, had failed to prove that the relationship of landlord and tenant ever came into existence between the parties.

The burden of proof was, of course, upon the appellant to establish the tenancy of the respondents and the terms thereof. The finding that appellant failed to meet this burden must stand, unless from the whole record we can say that the evidence preponderates against that finding.

We have carefully read and considered all of the testimony offered and find it to be in hopeless conflict, so much so that, from the cold record alone, we have no confidence in our ability to determine where the truth lies. Under these circumstances the finding of the trial court, who saw and heard all of the witnesses, is entitled to great weight; and since we are unable to say that the evidence preponderates against that finding, the judgment must stand.

Judgment affirmed.

MILLARD, C. J., MITCHELL, STEINERT, and GERAGHTY, JJ., concur.