**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

Filed
Washington State
Court of Appeals
Division Two

June 21, 2023

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WERNER KLEE, a single man, | No. 56232-4-II |
| Respondent, | |
| v. | |
| ERIC SNOW, a single man; and all Occupants, | PUBLISHED OPINION |
| Appellant. | |

CRUSER, A.C.J. — Eric Snow was renting a home from Werner Klee. Klee decided to sell the property and served Snow with a 90-day notice of termination of Snow's tenancy pursuant to a recently enacted statute in the Residential Landlord-Tenant Act.[1] When Snow did not vacate the home after 90 days, Klee filed an unlawful detainer action seeking to evict Snow. Snow argued to the trial court that the statute required Klee to make reasonable attempts to sell or advertise the property before Snow vacated the home. The trial court disagreed and granted a writ of restitution to Klee. Snow appeals the court's order granting a writ of restitution.

We hold that RCW 59.18.650(2)(e) requires an owner to make reasonable attempts to sell or advertise the residence within 30 days after the tenant has vacated, but not before the tenant vacates. Accordingly, we affirm the trial court's order granting a writ of restitution to Klee. In

_____

[1] Ch. 59.18 RCW.

No. 56232-4-II

addition, we award attorney fees on appeal to Klee in an amount to be determined by the court commissioner.

FACTS

Snow began renting a home in Chehalis, Washington, in July 2019 with his wife and six children. Klee is both the owner and landlord of the residence.

Klee owns several other properties on the same road in Chehalis. Because Klee is in his late 90s, he decided to sell most of the property he owns. To that end, Snow was served a 90-day notice to vacate at the beginning of November 2021, indicating that Klee intended to sell the property. The notice stated that Snow's tenancy would terminate on January 31, 2022.

By the end of February 2022, Snow and his family still had not vacated the residence. Klee filed a complaint for unlawful detainer and moved for an order to show cause.[2] Klee's materials included a declaration from Ursula Klee, Klee's daughter and power of attorney, stating that she intended to sell the residence at issue and had been in contact with an individual regarding the listing of the property.

In response, Snow argued that Klee had not satisfied the requirements of the statute at issue, which allows a landlord to evict a tenant when the tenant remains in possession of the residence after the owner "elects to sell" the residence and the tenant has been provided a 90-day notice of termination of the tenancy. CP at 18. The statute specifies that an owner "elects to sell" when they make reasonable attempts to sell or advertise the property "within 30 days after the tenant has vacated." RCW 59.18.650(2)(e).

_____

[2] *See* RCW 59.18.370, .380.

2

No. 56232-4-II

Snow claimed that a reasonable interpretation of the statute would require the owner to make reasonable attempts to sell the property before the tenant may be evicted because the landlord does not have cause for eviction unless the owner satisfies the elects to sell requirement in the statute. Snow provided a declaration stating that no one had informed him that Klee intended to sell the property aside from the 90-day notice to vacate. Klee's reply materials consisted of another declaration from his daughter claiming that Snow had "taken active steps to prevent" agents from visiting the property to conduct an inspection. Clerk's Papers at 30.

Following the show cause hearing, the trial court granted a writ of restitution to Klee "based on the court's finding that the Plaintiff named in the eviction order has provided a 90 Day Notice to Vacate and Written Notice to Sell property." *Id.* at 32 (emphasis omitted). The writ was issued the same day, restoring possession of the property to Klee.

Snow appeals the trial court's order granting a writ of restitution.

DISCUSSION

I. LEGAL PRINCIPLES

Snow argues that the trial court erred by granting a writ of restitution because the relevant statute required Klee to make reasonable attempts to sell the property prior to initiating eviction proceedings. Klee argues that he complied with the statute because it only requires an owner to make reasonable attempts to sell the property after the tenant has vacated the premises pursuant to a 90-day notice of termination of the tenancy. We agree with Klee.

3

No. 56232-4-II

## A. EVICTION FOR CAUSE

The Washington State Legislature enacted RCW 59.18.650 in 2021. *See* LAWS OF 2021, ch. 212, § 2. "Under the statute, generally, landlords are not permitted to evict a tenant, refuse to continue a tenancy, or end a periodic tenancy without cause." *Brewer v. Hill*, __ Wn. App. __, 525 P.3d 987, 993 (2023); RCW 59.18.650(1)(b).

Relevant here, the statute indicates that a landlord has cause to evict a tenant when "[t]he tenant continues in possession after the owner elects to sell a single-family residence and the landlord has provided at least 90 days' advance written notice of the date the tenant's possession is to end." RCW 59.18.650(2)(e).

> For the purposes of this subsection (2)(e), an owner "elects to sell" when the owner makes reasonable attempts to sell the dwelling within 30 days after the tenant has vacated, including, at a minimum, listing it for sale at a reasonable price with a realty agency or advertising it for sale at a reasonable price by listing it on the real estate multiple listing service.

*Id.* There is a rebuttable presumption that the owner did not elect to sell if (1) within 30 days after the tenant has vacated the residence, the owner does not list or advertise the residence for sale at a reasonable price, or (2) within 90 days after the tenant has vacated the residence, or the date the residence was listed for sale, if later, the owner withdraws the residence from the market, rents to someone else, or "otherwise indicates that the owner does not intend to sell the unit." RCW 59.18.650(2)(e)(i)-(ii).

## B. PRINCIPLES OF STATUTORY INTERPRETATION

The parties dispute the meaning of elects to sell, which is defined in the statute as outlined above. RCW 59.18.650(2)(e).

4

No. 56232-4-II

Statutory interpretation is a question of law that we review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Our "objective is to ascertain and carry out the [l]egislature's intent." *Id.* "[I]f the statute's meaning is plain on its face," we "must give effect to that plain meaning as an expression of legislative intent." *Id.* at 9-10. We are to discern plain meaning " 'from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.' " *State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010) (quoting *State v. Engel*, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009)).

A statute is ambiguous if it is susceptible to more than one reasonable interpretation after a review of the plain meaning. *Id.* "[B]ut 'a statute is not ambiguous merely because different interpretations are conceivable.' " *Id.* (internal quotation marks omitted) (quoting *Est. of Haselwood v. Bremerton Ice Arena, Inc.*, 166 Wn.2d 489, 498, 210 P.3d 308 (2009)). If a statute is ambiguous, we may look to the legislative history and relevant case law to discern legislative intent. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014).

## II. ANALYSIS

Snow argues that the statute is ambiguous because the language provides that the owner does not have to make reasonable attempts to sell the residence until after the tenant has vacated, but it also provides that the landlord does not have cause to evict a tenant unless the owner has made reasonable attempts to sell the residence.

To Snow's point, the statute states that there is cause to evict a tenant that remains in possession of a residence "*after* the owner elects to sell" the residence. RCW 59.18.650(2)(e) (emphasis added). But the definition of elects to sell states that the owner must make reasonable

5

No. 56232-4-II

attempts to sell or advertise the property "within 30 days after the tenant has vacated." *Id.* Although this definition plainly means that the owner is not required to make reasonable attempts to sell or advertise the property before the tenant has vacated, it is unclear, then, how a landlord would have cause to evict a tenant that "continues in possession after the owner elects to sell" when the owner does not prove that they have elected to sell the residence until after the tenant has vacated. *Id.*

However, this does not necessarily render the statute ambiguous because, when discerning the plain meaning of a statute, we review not only the meaning of the language at issue, but also the context of the statute, related statutory provisions, and the entire statutory scheme. *Gonzalez*, 168 Wn.2d at 263. "An act must be construed as a whole, considering all provisions in relation to one another and harmonizing all rather than rendering any superfluous." *State v. George*, 160 Wn.2d 727, 738, 158 P.3d 1169 (2007).

The provision at issue also provides a rebuttable presumption that the owner did not intend to sell given certain events within either 30 or 90 days after the tenant has vacated. RCW 59.18.650(2)(e)(i)-(ii). Furthermore, under a different subsection of the statute, "[a] landlord who removes a tenant or causes a tenant to be removed from a dwelling in any way in violation of this section is liable to the tenant for wrongful eviction," and the tenant is entitled to damages. RCW 59.18.650(4).

If we were to interpret RCW 59.18.650(2)(e) as requiring an owner to make reasonable attempts to sell the property *before* a landlord may evict a tenant, this interpretation would render the rebuttable presumption portion of that statutory provision superfluous. But, harmonizing this provision with the remainder of the statute, the rebuttable presumption portion appears to favor the tenant *only* in the context of a wrongful eviction action. This is because if the tenant has already

6

No. 56232-4-II

vacated the residence, there would be no basis for the landlord to pursue an unlawful detainer action against the tenant. *See* RCW 59.18.650(2)(e) (providing cause to evict when "[t]he tenant continues in possession"). Accordingly, based on our review of the plain meaning, we hold that RCW 59.18.650(2)(e) requires an owner to make reasonable attempts to sell or advertise the residence "within 30 days after the tenant has vacated," as provided in the definition of elects to sell. RCW 59.18.650(2)(e).[3]

Snow argues that the legislative history of the statute supports his interpretation because the statute was enacted with the goal of protecting residential tenants following the eviction moratorium proclaimed during the COVID-19 pandemic. But this legislative history is only relevant to determining the intent behind the statute if the statute is ambiguous, which, as described above, it is not. *Jametsky*, 179 Wn.2d at 762. And, even if the legislative history was relevant to our analysis, the requirements placed upon landlords under the statute—namely, that a tenant can only be evicted for one of the causes enumerated in the statute—and the relief for tenants in the form of a wrongful eviction lawsuit if these requirements are not followed achieves the legislature's goal of "protecting residential tenants . . . by . . . limiting the reasons for eviction, refusal to continue, and termination" of tenancies. LAWS OF 2021, ch. 212, § 2. But this does not lead us to conclude that a property owner must list or advertise a residence for sale while a tenant is still residing on the premises.

---

[3] It is also worth noting the practicalities of this interpretation. As evidenced by this record, an owner may face difficulties attempting to sell or advertise a property when a tenant is still in possession of the residence.

No. 56232-4-II

Because RCW 59.18.650(2)(e) requires an owner to make reasonable attempts to sell or advertise the residence within 30 days after the tenant has vacated, but not before the tenant has vacated, we affirm the trial court's order granting a writ of restitution to Klee.

ATTORNEY FEES

Klee requests attorney fees under RAP 18.1, RCW 59.18.290(2), and the terms of the parties' lease.

RAP 18.1(a) allows a party to request reasonable attorney fees if applicable law provides for the recovery of fees. RCW 59.18.290(2) states:

> It is unlawful for the tenant to hold over in the premises or exclude the landlord therefrom after the termination of the rental agreement except under a valid court order so authorizing. Any landlord so deprived of possession of premises in violation of this section may recover possession of the property and damages sustained by him or her, and the prevailing party may recover his or her costs of suit or arbitration and reasonable attorneys' fees subject to subsections (3) and (4) of this section.

Under RCW 59.18.290(3), "[w]here the court has entered a judgment in favor of the landlord restoring possession of the property to the landlord, the court may award reasonable attorneys' fees to the landlord."

Klee is the prevailing party in this appeal. Although our record does not reflect that the trial court entered a judgment in Klee's favor, the trial court restored possession of the property to Klee by issuing a writ of restitution and, therefore, there are no further proceedings on the merits to be held in the trial court. We award attorney fees on appeal to Klee in an amount to be determined by the court commissioner.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 56232-4-II

## CONCLUSION

We hold that RCW 59.18.650(2)(e) requires an owner to make reasonable attempts to sell or advertise the residence within 30 days after the tenant has vacated and affirm the trial court's order granting a writ of restitution to Klee.

_____
CRUSER, A.C.J.

We concur:

_____
LEE, J.

_____
VELJACIC, J.

9