IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JONATHAN HERNANDEZ | ) | No. 39548-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SIOBHANA FRANCE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant, | ) | |
| | ) | |
| Any other tenants, | ) | |
| | ) | |
| Defendants. | ) | |

PENNELL, J. — Siobhana France appeals from a superior court order issuing a writ of restitution in favor of Jonathan Hernandez. We reverse and remand with instructions to dismiss the unlawful detainer action and grant Ms. France an award of damages for wrongful eviction.

FACTS

In October 2022, Jonathan Hernandez filed a complaint against Siobhana France for unlawful detainer in Grant County Superior Court. The complaint stated Ms. France occupied a premises located at an address in Electric City "as tenant[] under a written

lease agreement." Clerk's Papers (CP) at 3. The complaint alleged that, in June 2022,

Ms. France had been issued a 90-day notice "that the landlord intended to sell the

property" and that she would need to vacate no later than September 30, 2022. *Id.*

Because Ms. France failed to vacate the premises by that date, the complaint stated

Mr. Hernandez was seeking restitution of the premises, forfeiture of Ms. France's rental

agreement, and a judgment for damages, attorney fees, and costs. Mr. Hernandez attached

a copy of the 90-day notice to his complaint. However, he did not also include a copy of

his purported lease with Ms. France or any documentation showing he had an ownership

interest in the property.

Simultaneous with the filing of his complaint, Mr. Hernandez moved for a show

cause hearing on the issue of a writ of restitution. The court ordered Ms. France to appear,

and a show cause hearing was ultimately noted for November 18, 2022.

Several days before the scheduled hearing, Ms. France, acting pro se, filed a

packet of documents in the superior court. The cover sheet of the packet bore the

title "Evidence," and listed the documents contained in the packet, which Ms. France

explained would show "I bought house from Margie Townsend." *Id.* at 31. The first

document in the packet was a signed and notarized handwritten contract, dated

December 3, 2018, in which "Marjorie Townsend" attests that she is "selling the house

at [the Electric City address] to: Michael France[1] & or Siobhana France" on a rent-to-own basis. *Id.* at 32. The contract gave the Frances five to seven years "to pay off the lease." *Id.* It further provided that utilities would be put in the name of Michael France and that Mr. France would pay the property taxes. The notary public before whom the document's signatures were subscribed and sworn attested that Michael France and Marjorie Townsend appeared before him. A copy of a 2018 request signed by Michael France to put utilities at the Electric City address into his name was included in Ms. France's packet, as well as copies of several checks indicating payments from the Frances to Ms. Townsend.

Also included in the packet was a March 2021 document purporting to be a quitclaim deed. The document states that "Marjorie Townsend . . . conveys and quit claims" the Electric City property, naming "Siobhana Lynn France" as the grantee. *Id.* at 65. The document was apparently signed by Ms. Townsend and a notary public who attested that Ms. Townsend was the person who appeared before her. Ms. France also submitted a copy of a real estate excise tax affidavit[2]—signed by Ms. Townsend

---

[1] The record and briefing provide no guidance as to what relationship Siobhana France has to Michael France, and he is apparently not involved in this litigation.

[2] A real estate excise tax affidavit "must be [recorded] when ownership or title to real property transfers as evidenced by conveyance, deed, grant, assignment, quitclaim, or any other document effectuating the transfer." WAC 458-61A-303(2).

and Ms. France in March 2021—listing Ms. Townsend as the seller/grantor of property

at the Electric City address and Ms. France as the buyer/grantee.[3] Ms. France's packet of

materials was not attached to a declaration signed under penalty of perjury, nor did she

serve it on Mr. Hernandez prior to the show cause hearing.

The show cause hearing was continued twice in order to allow Ms. France an

opportunity to find counsel. Ultimately, the hearing took place on December 9, 2022,

at which time Ms. France still did not have counsel.

The December 9 hearing was exceptionally brief, with a transcript spanning less

than three pages. Mr. Hernandez's attorney began the proceeding by asserting Ms. France

should not be given more time to obtain counsel. The attorney then addressed the merits

of the case and stated as follows, "[A]s far as for my client owning this property. We did

---

[3] Ms. France's responsive filing also included several tax statements and delinquent tax statements from Grant County seeking payment of property taxes associated with the Electric City address. Most of these statements were addressed to Marjorie Townsend "C/O Siobhana France" or "C/O Michael France," or sent directly to Michael France. CP at 37, 39-42, 44-46. The responsive filing also included a 2020 letter to Ms. Townsend purporting to be from Darryl Pheasant, the treasurer of Grant County. Mr. Pheasant informed Ms. Townsend he was aware that she had "moved out of this home" and advised her he "still need[ed] to know the date when the contract to *sell the parcels* was agreed upon . . . . Please also let me know who the *purchasers* are." *Id.* at 47 (emphasis added). Ms. France also submitted a copy of a handwritten note that had purportedly been posted to her door in April 2022, in which someone claiming to be "Carlos A. Ramos" informed her he was "the new owner of the property" and asking that she to contact him. *Id.* at 50.

do a 90-day. It expired in September. We're just kind of sitting here without our asset."

1 Rep. of Proc. (RP) (Dec. 9, 2022) at 15. The attorney did not offer any evidence

showing Mr. Hernandez was the owner of the property. Nor did the attorney object to

the authenticity of the documents submitted by Ms. France.

After hearing from Mr. Hernandez's attorney, the superior court turned to

Ms. France and stated:

> All right. Ms. France, there is no answer that's been filed. Well, actually, I
> shouldn't say that. You filed a response, but I'm going to sign the writ of—
> the order for the writ of restitution, ma'am, I'm sorry. I just don't think we
> can wait any longer at this point.

*Id.* at 16. The superior court took no testimony and did not consider any evidence. The

court granted Mr. Hernandez a writ of restitution, authorizing the Grant County Sheriff

to breach and enter the premises and immediately restore Mr. Hernandez to possession.

Ms. France filed a pro se motion for reconsideration, arguing the Residential

Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW, did not apply to her living

arrangement because she claimed ownership of her home. During her oral presentation

to the court, Ms. France explained her case did not "fall under the [RLTA]," redirected

the court to her responsive filing, and claimed she did not have a contract with

Mr. Hernandez and that she had "never even met the guy." 1 RP (Dec. 16, 2022) at 19.

5

The superior court judge simply responded, "But he's apparently the owner of the land, Ms. France." *Id.*

Mr. Hernandez's attorney responded by asserting that Mr. Hernandez "takes the place of the old landlord who did have a contract with Ms. France to pay." *Id.* at 20. The attorney informed the judge, "I think she's got a lawsuit with the old owner. I have researched this." *Id.* at 20-21. The attorney did not provide any evidence to support the claim that Mr. Hernandez had taken title from Ms. Townsend or any other prior owner of the property.

The superior court proceeded to its oral ruling on Ms. France's motion. The judge stated, "[T]he rules regarding real property . . . go back to medieval England. And . . . the law recognizes only Mr. Hernandez as the owner of the property at this point." *Id.* at 21. The court denied Ms. France's motion for reconsideration and later memorialized its oral ruling in a written order.

At the close of the reconsideration hearing, the superior court asked Mr. Hernandez's attorney if there was "anything else on this matter." *Id.* at 22. The attorney did not indicate there was anything else. The court did not formally enter a final judgment.

Ms. France appealed the superior court's issuance of the writ of restitution and its denial of her motion for reconsideration. Pursuant to the writ of restitution, sheriff's deputies forcibly removed Ms. France from her home on December 28, 2022.

ANALYSIS

*Reviewability*

Mr. Hernandez first contends that we should not review Ms. France's appeal, alternatively arguing that the matter is moot and that there is no judgment subject to review under our rules of appellate procedure. We disagree with both claims.

As to mootness, Mr. Hernandez claims this matter is moot because he sold the property at issue, and thus, Ms. France cannot be restored to possession. This claim fails. There is no competent evidence in the record on review showing the property has been sold. *See State v. Stevenson*, 16 Wn. App. 341, 345, 555 P.2d 1004 (1976) ("Matters referred to in the brief but not included in the record cannot be considered on appeal."); *see also In re Dependency of H.S.*, 188 Wn. App. 654, 663, 356 P.3d 202 (2015) (refusing to consider litigant's "argument based on matters outside our record here"). Moreover, restoration of possession is not the only remedy available to an evicted tenant who prevails before this court. Success on the merits might entitle Ms. France to an order limiting dissemination of the unlawful detainer action. *See* RCW 59.18.367(1)(a).

And an illegally evicted tenant can recover money damages. *See, e.g.*, RCW 59.18.650(4); RCW 59.18.380; RCW 59.18.290(1).

Mr. Hernandez alternatively contends the superior court's order directing the issuance of a writ of restitution is not appealable as a matter of right because it is not a "final judgment." *See* RAP 2.2(a)(1). This claim has some facial appeal. "A show cause hearing is a summary proceeding to determine the question of possession pending suit; it is not a final determination of the parties' rights." *Kiemle & Hagood Co. v. Daniels*, 26 Wn. App. 2d 199, 211, 528 P.3d 834 (2023). But here, the parties and the superior court treated the show cause determination as a final ruling. After denying Ms. France's motion for reconsideration, the court asked Mr. Hernandez's attorney if they were requesting any further orders or additional action. The attorney did not make any requests. Given the superior court resolved all of Mr. Hernandez's apparent concerns, we must review the issuance of the writ of restitution because, "in effect," it substantively "discontinue[d] the action." RAP 2.2(a)(3); *see Herdson v. Fortin*, 26 Wn. App. 2d 628, 635, 530 P.3d 220 (2023) (noting that finality is a matter of substance and not form); *see also Klee v. Snow*, 27 Wn. App. 2d 19, 26-27, 531 P.3d 788 (2023) (treating issuance of a writ of restitution as a final judgment). Mr. Hernandez may not unilaterally prevent

Ms. France from obtaining appellate review of her eviction simply because he declined

to formally prosecute his case to final judgment.

*Writ of restitution*

The parties debate the legality of the show cause procedure leading up to the

writ of restitution. According to Ms. France, the superior court lacked a factual basis

for ordering a writ of restitution. Mr. Hernandez argues Ms. France's criticisms were

not adequately preserved given she did not strictly comply with evidentiary and civil

procedure rules. Ms. France has the better arguments.

A landlord bringing an unlawful detainer action has the burden of proving their

right to possession by a preponderance of the evidence. *Duprey v. Donahoe*, 52 Wn.2d

129, 135, 323 P.2d 903 (1958); *see also FPA Crescent Assocs., LLC v. Jamie's LLC*,

190 Wn. App. 666, 675, 360 P.3d 934 (2015) ("'The possession of a tenant is originally

lawful, and is so presumed until the contrary appears.'") (quoting *Duprey*, 52 Wn.2d at

135). At a minimum, this burden includes establishing the existence of the tenancy

"and the terms thereof." *Gabalis v. Campbell*, 185 Wash. 387, 388, 55 P.2d 615 (1936);

*see also Hous. Auth. v. Pleasant*, 126 Wn. App. 382, 392, 109 P.3d 422 (2005) (faulting

landlord for furnishing "no competent evidence regarding a lease at all"); *Brewer v. Hill*,

25 Wn. App. 2d 844, 857-58, 525 P.3d 987 (2023) (dismissing unlawful detainer action because plaintiff furnished no evidence that he had leased the premises to the defendant).

Here, Mr. Hernandez failed to meet his burden to produce evidence in support of his unlawful detainer claim against Ms. France. Mr. Hernandez's asserted cause for eviction was that he was "the owner" of the property, he had "elect[ed] to sell" the property, and Ms. France had "continue[d] in possession" after the expiration of a 90-day notice to vacate. RCW 59.18.650(2)(e). Given these allegations, he needed to proffer evidence that (1) he owned the home, (2) he and Ms. France had a landlord-tenant relationship; and (3) he had given Ms. France at least 90 days' notice of her need to vacate.[4] But Mr. Hernandez did not produce any evidence in support of the first two elements. While Mr. Hernandez attached a copy of the 90-day notice to his complaint, he never produced any evidence that he owned the home or that he was Ms. France's landlord. A notice to vacate, of course, does not transform two legal strangers into landlord and tenant. Mr. Hernandez's failure to meet his burden of proof should have

---

[4] We also note that if Ms. France had leased her home "for a specified period," Mr. Hernandez would have been forbidden from "end[ing]" her tenancy on this basis "before the completion of the term" without her written consent. RCW 59.18.650(5). Given this statutory stricture, it was especially crucial for the superior court to have examined any written lease agreement, since Mr. Hernandez averred in his complaint that such an agreement existed. *See* CP at 3.

resulted in dismissal of the unlawful detainer action. *See, e.g.*, *Brewer*, 25 Wn. App. 2d

at 857-58; *Sundholm v. Patch*, 62 Wn.2d 244, 246-47, 382 P.2d 262 (1963).

Not only did the superior court erroneously relieve Mr. Hernandez of his burden of

proof, the court failed to conduct a "meaningful" hearing as required by RCW 59.18.380.

*Faciszewski v. Brown*, 187 Wn.2d 308, 321, 386 P.3d 711 (2016). The court did not

"examine" either of the parties as required, nor did it even purport to "ascertain the

merits" of Ms. France's asserted defense. RCW 59.18.380. Instead, the superior court

judge told Ms. France he was going to grant the writ of restitution because, "I just don't

think we can wait any longer at this point." 1 RP (Dec. 9, 2022) at 16.

The failure to facilitate an adversarial process was especially troubling because

Ms. France submitted unrebutted documentation supporting a viable defense to the

unlawful detainer action. If, as Ms. France claimed, Mr. Hernandez did not own the

home, then he lacked authority to require her eviction. *See Bar K Land Co. v. Webb*,

72 Wn. App. 380, 385, 864 P.2d 435 (1993) (holding "an action did not lie in unlawful

detainer" because the defendant was not the plaintiff's tenant).

Mr. Hernandez contends the superior court properly disregarded Ms. France's

responsive filing because her evidence was unauthenticated and she failed to serve

it on him. We disagree with both complaints. Mr. Hernandez never objected in the

11

superior court to the admissibility of Ms. France's materials, nor did the court offer a precise reason for disregarding her evidence. Thus, she was never given a chance to respond to these arguments against admissibility. In addition, under the RLTA, service of a written answer is not required. RCW 59.18.380 explicitly provides that, at a show cause hearing, a tenant "may answer, orally or in writing." An oral answer, by definition, cannot be "served upon" an opponent in advance of a hearing, CR 5(a), nor can an oral answer logically be "attached" to a signed affidavit sworn under penalty of perjury, CR 56(e). Yet the RLTA plainly contemplates that an oral answer is no different from a written answer in its ability to rebut a landlord's affirmative case for eviction and send a case to trial. RCW 59.18.380. Thus, the requirements for service and authentication must necessarily be relaxed because they are "inconsistent" with a statute governing special proceedings. CR 81(a).

Mr. Hernandez also contends dismissal is an inappropriate remedy because Ms. France did not expressly move for dismissal at the show cause hearing. But a party may always raise their opponent's "failure to establish facts upon which relief can be granted" for the first time on appeal. RAP 2.5(a)(2). And here, dismissal is the proper remedy for that error. *See Brewer*, 25 Wn. App. 2d at 858; *see also Sundholm*, 62 Wn.2d at 246-47 (holding, where plaintiff was "not entitled to the relief sought" in their

complaint, "the only alternative available" to the court was to dismiss the complaint with prejudice).[5]

We reverse the superior court's order granting issuance of a writ of restitution to Mr. Hernandez. The evidence produced in the superior court failed to show Mr. Hernandez was entitled to evict Ms. France. Ms. France is therefore entitled to dismissal of the unlawful detainer action along with an award of damages as set forth in RCW 59.18.650(4). This matter is remanded to the superior court for further proceedings consistent with the terms of this decision.

## APPELLATE FEES AND COSTS

Ms. France seeks an award of attorney fees and costs on appeal, arguing she is entitled to such an award under RAP 18.1, RCW 59.18.290, and RCW 59.18.650.

---

[5] In *Pleasant*, we remanded for a trial even though the landlord had failed to proffer competent evidence establishing a lease existed. *See* 126 Wn. App. at 385, 395. But there, the tenant's own pleadings apparently conceded a lease existed. *See id.* at 386. Here, by contrast, a trial is not necessary because there are simply no "issue[s] of material fact" for a fact finder to decide. RCW 59.18.380. Mr. Hernandez failed to provide evidence as to required elements of his case: namely, that he owned the property at issue and was Ms. France's landlord. *See Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (noting that, where there is a complete failure of proof as to an essential element of a party's case, all other facts are necessarily rendered immaterial), *overruled in part on other grounds*, 130 Wn.2d 160, 922 P.2d 59 (1996) (plurality opinion).

13

RAP 18.1(a) authorizes this court to grant attorney fees on appeal "[i]f applicable law" allows. Because she has established she was wrongfully evicted, Ms. France is entitled to an award of appellate attorney fees and costs under either RCW 59.18.650(4) or RCW 59.18.290(2). *See Faciszewski*, 187 Wn.2d at 324; *Howard v. Pinkerton*, 26 Wn. App. 2d 670, 680, 528 P.3d 396 (2023). Ms. France's request for reasonable attorney fees is granted, subject to her compliance with RAP 18.1(d). She is also entitled to costs as the substantially prevailing party on review. *See* RAP 14.2.

## CONCLUSION

The order granting issuance of the writ of restitution is reversed. This matter is remanded with instructions to dismiss Mr. Hernandez's unlawful detainer action and to calculate Ms. France's damages under RCW 59.18.650(4).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Lawrence-Berrey, A.C.J.           Cooney, J.

14